UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY ANTHONY COLLINS, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> DOMINGO URIBE, JR., Warden, ) <br> ) <br> ) <br> Respondent. ) | Civil No. 12cv1301 IEG (WMc) <br><br> **REPORT AND RECOMMENDATION RE: GRANT OF PETITIONER'S MOTION FOR STAY AND ABEYANCE** |

**I.    Introduction**

On May 29, 2012, Petitioner Corey Anthony Collins ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. s 2254 ("Petition"). [ECF No. 1.] On that same day, Petitioner also filed a Motion for Stay and Abeyance ("Motion to Stay"). [ECF No. 2.] On June 13, 2012, the above-entitled case was dismissed without prejudice for failure to pay the filing fee. [ECF No. 3.] This case was reopened on July 23, 2012 and the Court issued a briefing schedule for Petitioner's Motion to Stay on August 14, 2012. [ECF No. 5.] On October 11, 2012, Respondent filed its response to the Motion to Stay. [ECF No. 9.] This Report and Recommendation is submitted to United States District Judge Irma E. Gonzalez pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule H.C.2 of the United States District Court for the Southern District of California. After reviewing the Petition, Motion for Stay and Abeyance, and all of the briefing submitted by the parties, the Court recommends the Motion to Stay be **GRANTED** for the reasons stated below.

**II.   Procedural History - Appeal of State Court Conviction**

On January 9, 2009, the Kern County District Attorney charged Petitioner with second degree robbery and active participation in a criminal street gang. According to the state appellate court's opinion, the procedural history of Petitioner's conviction and sentencing is as follows:

"A jury found defendant guilty as charged and found the gang allegation true. The trial court found the prior conviction and prison term allegations true. The Court sentenced defendant to 27 years in prison, as follows: the upper term of five years for the robbery, doubled pursuant to the Three Strikes law, plus a 10-year term for the gang enhancement, plus a five-year enhancement for the prior serious felony enhancement, and two one-year terms for the prior prison term enhancements. On the active participation offense, the court imposed the six-year upper term, stayed pursuant to section 654."
*People v. Collins*, 2011 WL 242363, *1-5 (Cal. App. 5 Dist Jan, 27, 2011.)

On appeal, Petitioner raised the following issues: "(1) the prosecutor committed misconduct by arguing guilt by association, (2) the trial court erred by admitting evidence of retaliation against a witness in an unrelated case, (3) the evidence was insufficient to support the gang enhancement and the active participation conviction, (4) the evidence was insufficient to support the true finding on one of the prior prison term enhancements, and (5) the sentencing court denied defendant the right to allocute and an opportunity to speak." *People v. Collins*, 2011 WL 242363, at *1.

The state appellate court reversed the gang enhancement, vacated Petitioner's sentence, remanded for re-sentencing and affirmed the state court conviction in all other respects. *People v. Collins*, 2011 WL 242363, at *1.

Petitioner sought review of the state appellate court's decision in the California Supreme Court, but the court denied his petition for review on April 13, 2011. (Pet. at 2.)[1]

Petitioner also sought collateral review in state court claiming <u>insufficient evidence to support the conviction and use of false evidence at trial</u>. (Pet. at 3, 21.) Specifically, on June 2, 2011, Petitioner filed his first state habeas corpus petition in Kern County Superior Court, which was denied on June 30,

---

[1] For ease of reference, the Court uses the page numbers assigned to the Petition by the Court's electronic filing system.

2011. (Pet. at 3.) Another petition was filed on November 11, 2011, and an order denying that petition issued on December 22, 2011.[2] In the Motion to Stay, Petitioner indicates he seeks a stay and abeyance in order to exhaust the sufficiency of the evidence claim, which is listed as ground three in the federal Petition. (ECF No. 2, Motion to Stay at 5.)

**III.    Discussion**

    **A.    Standard of Review**

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust their state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). "[The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Rhines v. Webber*, 544 U.S. 265, 276-277 (2005).

AEDPA also applies a one-year statute of limitations also to federal habeas corpus petitions. 28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002). Thus, a petitioner who wishes to challenge his state court conviction in federal court via a habeas corpus petition must file within one year of his conviction becoming final. The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

---

[2] *See* Appellate Courts Case Information for Case Number F063591 online as follows: http://appellatecase.courtinfo.ca.gov/search/case/dockets.cfm?dist=5&doc_id=1996077&doc_no=F063591.

AEDPA has two main purposes: "(1) to reduce delays in executing state and federal criminal sentences, and (2) to streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). The Supreme Court has therefore held that when a petitioner files a petition containing both exhausted and unexhausted claims, a district court has limited discretion under *Rhines* to grant a stay and abeyance of the mixed petition if: (1) "the petitioner had good cause for his failure to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. The Supreme Court made clear in *Rhines*, however, that because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state court, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277.

**B.    Arguments**

In the Motion to Stay, Petitioner acknowledges his sufficiency of the evidence claim was unexhausted at the time of the federal Petition's filing on May 29, 2012. (ECF No. 2, Motion to Stay at 5.) Nevertheless, Petitioner notes in his motion that he diligently began his state collateral challenge before his judgment became final on July 11, 2011.[3] Petitioner also contends he could not have known of the factual predicate for his sufficiency of the evidence claim at an earlier point in time. *Id.*

Respondents oppose a stay and abeyance of Petitioner's claims under *Rhines v. Weber*, 544 U.S. 269 (2005), arguing Petitioner has failed to demonstrate the good cause required by the standard set forth in *Rhines*. [ECF No. 9, Resp.'s brief at 11.] In the alternative, Respondents advise they would not oppose a stay and abeyance of the federal petition if Petitioner dismisses ground three (the sufficiency of

---

[3]Petitioner's conviction became final on July 11, 2011, the last day he could have filed a petition for writ of certiorari in the United States Supreme Court, which is ninety days following the April 13, 2011 denial of his petition for review by the California Supreme Court on direct appeal. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The AEDPA's statute of limitations period began to run on July 12, 2011 and absent statutory or equitable tolling, a federal petition under the AEDPA limitations period had to be filed no later than July 11, 2012.

the evidence claim) and then attempts to amend the original petition to include the claim after the California Supreme Court issues its decision. *Id*. at 15.

**C.     Analysis**

There are two approaches for analyzing a stay and abeyance motion, depending on whether the petition is mixed or fully exhausted. *Jackson v. Roe*, 524 F.3d 654, 661 (9th Cir. 2005). If the petitioner files a stay and abeyance motion under a mixed petition, the request is analyzed under the Supreme Court standard set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). *See Jackson*, 425 F.3d at 661. When the petition is fully exhausted, the request for stay and abeyance is analyzed under the standard set forth in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). *See Jackson*, 425 F.3d at 661.

Under the total exhaustion requirement set forth in *Rose v. Lundy*, 455 U.S. 509 and the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) one-year statute of limitation, petitioners with mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 269-70. The limited options facing a mixed petition create this risk. If a petitioner elects to abandon only the unexhausted claims and proceed with the exhausted claims, once the exhausted claims are decided on the merits, the petitioner may not include any newly exhausted claims in a subsequent petition due to the strict limitations AEDPA places on successive motions. 28 U.S.C. § 2244(b). If a petitioner elects to dismiss the entire mixed petition, the AEDPA's one-year statute of limitations will likely run before a petitioner can exhaust state court remedies and return to federal court. *Rhines*, 544 U.S. at 275. Due to these potential risks, a federal district court has discretion to stay a mixed habeas petition. *Id.* at 278. When a court stays a mixed petition, the petitioner may present his unexhausted claims to the state court in the first instance, and then return to federal court for review of the "perfected" petition. *Id.* at 279. A petitioner must "show good cause for his failure to exhaust, demonstrate the unexhausted claims are potentially meritorious," and show no indication of "intentional[] dilatory litigation tactics" in order for the court to stay a mixed petition. *Id.* at 270. If the court finds a stay and abeyance inappropriate, the court may allow a petitioner to dismiss the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would "unreasonably impair" the petitioner's right to obtain federal relief. *Id.*

The Supreme Court did not define the good cause standard in *Rhines*. In the Ninth Circuit, good cause is, a standard less stringent than the "extraordinary circumstances" standard for equitable tolling of the statute of limitations. *See Jackson v. Roe*, 425 F.3d 654, 656 (9th Cir. 2005). District courts within the Ninth Circuit have more narrowly defined the standard. Some have required the showing of "some objective factor external to the petitioner" that prevented timely exhaustion. *Hernandez v. Sullivan*, 397 F. Supp.2d 1205, 1207 (C.D. Cal. 2005). Others have equated the good cause standard to "excusable neglect." *See Corjasso v. Ayers*, 2006 WL 618380, 1 (E.D. Cal. 2006). The latter interpretation considers such factors as prejudice to the non-moving party, length of the delay, its effect on efficient court administration, and whether the delay was caused by factors beyond the control of the movant and good faith. *Id*. at 1.

Here, **IT IS RECOMMENDED** the Court find Petitioner has shown good cause to grant a stay of the action. In the motion to stay, Petitioner states that he never received a ruling from the California Appellate Court on his sufficiency of the evidence claim [ECF No. 2 at 2, 19] and indeed the online Appellate Courts Case Information for Case Number F063591 indicates Petitioner has inquired twice since the filing of his federal Petition in May 2012 about the status of the appellate court case and requested a copy of the ruling.[4] Petitioner has no control over his receipt of legal mail and has demonstrated that he: (1) has followed up on his failure to receive a ruling which would allow him to file with the state supreme court and (2) has attempted to comply with the state and federal courts procedural deadlines by promptly instituting collateral review and timely filing a federal petition. In addition, the Court cannot conclude, on the record before it, that Petitioners claims are not "potentially meritorious." *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (stating that a claim is colorable within the meaning of 28 U.S.C. § 2254(b)(2) unless it is "perfectly clear that petitioner has not hope of prevailing"). Petitioner satisfies the criteria set forth in *Rhines* for issuance of a stay, namely, he has good cause for failure to exhaust, there is an arguably meritorious unexhausted claim, and he is

---

[4] *See* Appellate Courts Case Information for Case Number F063591 online as follows: http://appellatecase.courtinfo.ca.gov/search/case/dockets.cfm?dist=5&doc_id=1996077&doc_no=F063591.

diligently pursuing state court remedies concerning that claim.  *Rhines*, 544 U.S. at 278; *Jackson*, 425 F.3d at 661; *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Kelly*, 315 F.3d at 1070.

### III. Conclusion and Recommendation

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order Granting Petitioner's Motion for Stay and Abeyance.

**IT IS ORDERED** that no later than **October 31, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **November 14, 2012**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1553, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: October 17, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court